# MOTION TO CONSOLIDATE AND STAY RELATED ACTIONS

**FILED**

**05/06/2026**

**U.S. DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**Chanda J. Berta, Clerk of Court**

UNITED STATES DISTRICT COURT

NORTHERN INDIANA

SHONDRA RULLI

Plaintiff,

v.

ANDREW WARD et al.

Defendants.

FILED – JAN 20, 2026 – PM04:07
US DISTRICT COURT
Northern District of Indiana
Chanda J. Berta – Clerk

Case No.: 3:26-cv-00030

## MOTION TO STAY AND CONSOLIDATE RELATED ACTIONS

Plaintiff, Shondra Rulli, proceeding pro se, respectfully moves this Court for an order (1) staying proceedings in any related or newly removed action arising from [State Court, Case No 71J01-2305-JP-000393 and (2) consolidating such action with this case pursuant to Federal Rule of Civil Procedure 42(a), and states as follows:

# I. INTRODUCTION

This action alleges systemic constitutional violations, civil-rights deprivations, and ongoing retaliatory conduct by state actors arising directly from, and continuing through, a related state court proceeding involving the same parties, facts, and course of conduct.

Parallel proceedings risk inconsistent rulings, duplicative litigation, and continued irreparable harm. A stay and consolidation are necessary to promote judicial economy, protect federal jurisdiction, and ensure coherent resolution of overlapping federal questions.

# II. BACKGROUND

Plaintiff initiated this federal action asserting claims under 18 U.S.C. §, 42 U.S.C. § 1983 and related federal law based on conduct occurring within and in connection with St Joseph County Probate Court

1. The federal claims arise from the same nucleus of operative facts as the state proceeding, including:
    - actions by the same state actors,
    - alleged misuse of judicial and prosecutorial authority,
    - and ongoing harm to Plaintiff and her minor children.
2. Plaintiff has sought federal intervention because the state forum has proven inadequate to protect federally guaranteed rights.
3. Any continuation of parallel proceedings threatens:
    - inconsistent adjudications,
    - interference with this Court's jurisdiction,
    - and unnecessary burden on the parties and the Court.

# III. LEGAL STANDARD

## A. Stay of Proceedings

Federal courts possess inherent authority to stay proceedings to control their docket and preserve judicial resources. Landis v. N. Am. Co., 299 U.S. 248, 254 (1936).

A stay is appropriate where it:

- promotes judicial economy,
- avoids conflicting rulings,
- and prevents irreparable harm.

## B. Consolidation Under Rule 42(a)

Under Federal Rule of Civil Procedure 42(a), a court may consolidate actions that involve:

- common questions of law or fact,
- overlapping parties,
- or related events.

Consolidation is appropriate where it avoids duplication and promotes efficient resolution without prejudice.

# IV. ARGUMENT

## A. A Stay Is Necessary to Prevent Irreparable Harm and Conflicting Rulings

Absent a stay, Plaintiff faces continued exposure to:

- retaliatory enforcement actions,
- deprivation of custodial and safety protections,
- and ongoing constitutional injury.

These harms cannot be adequately remedied through later relief.

## B. The Actions Share Common Questions of Law and Fact

Both matters arise from:

- the same underlying state court case,
- the same alleged pattern of misconduct,
- and identical constitutional questions.

Litigating these issues separately would be inefficient and risks inconsistent outcomes.

## C. Consolidation Serves Judicial Economy and Fairness

Consolidation will:

- streamline discovery,
- avoid duplicative motions,
- conserve judicial resources,
- and ensure uniform treatment of overlapping claims.

No party will be prejudiced by consolidation, while denial would substantially burden Plaintiff and the Court.

# V. RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Stay proceedings in any related or newly removed federal action arising from St Joseph County Probate Court pending further order of the Court;
2. Consolidate such action with this case pursuant to Fed. R. Civ. P. 42(a);
3. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

Shondra Rulli

Pro Se,

19530 Paxson Dr N

South Bend, IN 46637

269-591-3420

shondrarulli@gmail.com

1-17-2025