UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| SHONDRA RULLI<br><br>Plaintiff,<br><br>v.<br><br>ST. JOSEPH COUNTY, ET AL.,<br><br>Defendants. | Case No. 3:26-CV-00030-CCB-SJF |

**ORDER**

On January 12, 2026, Plaintiff Shondra Rulli filed her *pro se* Complaint (ECF 1) and Motion to Proceed *In Forma Pauperis*. (ECF 2).

Pursuant to 28 U.S.C. § 1915(a)(1), the Court "may authorize the commencement [of this case] without prepayment of fees [if] the person is unable to pay such fees . . . ." A person is unable to pay the filing fee if "because of [her] poverty [doing so would result in the inability] to provide [herself] and dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (quotation marks omitted).

Before deciding whether to grant a plaintiff's motion to proceed *in forma pauperis*, the Court must determine whether "the action . . . is frivolous or malicious," "fails to state a claim upon which relief may be granted," or "seeks monetary relief against an immune defendant." 28 U.S.C. § 1915(e)(2)(B). The Court has "ample authority to dismiss frivolous or transparently defective suits spontaneously." *Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003). Fed. R. Civ. P. 8(a)(2) requires that complaints contain

"a short and plain statement of the claim showing that the pleader is entitled to relief." The statement must contain enough factual matter, accepted as true, to state a plausible claim, not a speculative one. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"Although [*pro se*] litigants . . . benefit from various procedural protections," including liberal construction of pleadings, they "are not entitled to [exemption] from the rules of procedure." *Jones v. Phipps*, 39 F.3d 158, 163 (7th Cir. 1994). Here, Ms. Rulli received two orders from the Court directing her to cure several procedural deficiencies, as outlined below. She addressed some procedural deficiencies identified by the Court but failed to cure all deficiencies as directed.

On January 20, 2026, before the Court ruled on Ms. Rulli's pending IFP Motion (ECF 2), she filed her unsigned Amended Complaint (ECF 3) and unsigned Motion to Consolidate and Stay Related Actions. (ECF 4). In the unsigned Amended Complaint, Ms. Rulli alleged numerous constitutional violations under 42 U.S.C. §§ 1983 and 1985, and a civil Rackeeter Influenced and Corrupt Organizations Act ("RICO") claim under 18 U.S.C. §§ 1962 and 1964 against fourteen defendants.

On April 20, 2026, the Court's first deficiency order (ECF 6) was entered granting Ms. Rulli until May 20, 2026, to file a signed motion to consolidate and stay related actions and a signed amended complaint in accordance with Fed. R. Civ. P. 11(a). Ms. Rulli timely filed her signed Motion to Consolidate and Stay Related Actions (ECF 8) on May 6, 2026, and her signed Amended Complaint (ECF 9) on May 12, 2026. The

Amended Complaint, however, did not provide the names and addresses of all the defendants.

Ms. Rulli then received the Court's second deficiency order dated August 6, 2026 (ECF 12), directing her to (a) complete the **(INND Rev. 4/24) Civil Complaint** form ("Civil Complaint Form"), including the names and addresses of all defendants, and (b) refile her Amended Complaint by attaching it to the completed Civil Complaint Form by August 31, 2026. Ms. Rulli did not comply with this order. Although she timely filed the Civil Complaint Form (ECF 13) on August 21, 2026, she failed to attach and refile her Amended Complaint as ordered. Even if Ms. Rulli had refiled the Amended Complaint as directed, she listed defendants in her Civil Complaint Form that did not match the defendants listed in her Amended Complaint. Ms. Rulli's Civil Complaint Form did not include six defendants that were listed in her Amended Complaint but included four others that were not listed in her Amended Complaint.

Alongside the Civil Complaint Form, Ms. Rulli filed a document entitled "DECLARATION OF TRUTH" ("Declaration") (ECF 13-1). Assuming this document is intended to be an affidavit, it only complicates matters. Ms. Rulli asserted in the Declaration, "Aric Rutkowski and MaryBeth BonaVentura both dismissed." However, Ms. Rulli also indicated that Rutkowski and BonaVentura were defendants by listing their names and addresses in her Civil Complaint Form filed the same day. By listing Rutkowski and BonaVentura as defendants in her Civil Complaint Form and asserting that the two "both dismissed" in the Declaration, Ms. Rulli was impermissibly unclear as to which individuals she intended to sue, if not contradictory.

The inconsistencies between the named defendants in Ms. Rulli's Amended Complaint (ECF 9) and her Civil Complaint Form (ECF 13), and the inconsistencies between the named defendants in her Civil Complaint Form (ECF 13) and her Declaration (ECF 13-1) prevent the Court from discerning Ms. Rulli's intended claims. Therefore, Ms. Rulli has failed to state a claim as required by 28 U.S.C. § 1915(e)(2)(B).

For these reasons, Ms. Rulli's Motion to Proceed *In Forma Pauperis* (ECF 2) is **DENIED WITHOUT PREJUDICE**. Ms. Rulli may file a second amended complaint that complies with the federal rules and refile a motion to proceed *in forma pauperis* by **October 16, 2026**. *See Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018).

Any amended complaint must provide the names and addresses of all defendants as required for *pro se* plaintiffs under N.D. Ind. L.R. 7-6 and must plead sufficient facts to allow the Court and the defendants to understand there is a plausible claim. *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 570. Failure to comply with this deadline, to state a plausible claim, to pay the filing fee or file for *in forma pauperis* status, or to file a rule-compliant complaint will result in the dismissal of Ms. Rulli's case without further notice. *See Hoskins*, 320 F.3d at 763.

Lastly, Ms. Rulli's pending Motion to Consolidate and Stay Related Actions (ECF 8) is **DENIED AS MOOT**.

SO ORDERED on September 16, 2026.

*/s/ Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT