**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

SHONDRA RULLI,

Plaintiff,

v.

ST JOSEPH COUNTY, INDIANA, et al.,

Defendants.

CASE NO. 3:26-CV-30-CCB-SJF

# ORDER

Before the Court is Plaintiff's Motion to Change Venue. [DE 18]. For the reasons below, Plaintiff's motion is **DENIED**.

## I. Plaintiff's Argument

Plaintiff asks the Court to transfer this case to a venue that is free from conflicts of interest. [DE 18 at 1]. Plaintiff's motion does not assert a conflict within the Court. [*See id.*]. Plaintiff's motion references alleged nonspecific conduct of unnamed police officers, prosecutors, and leaders of St. Joseph County. [DE 18].

## II. Venue Transfer Standard

A change of venue is governed by Title 28, United States Code, Section 1404. Section 1404 permits a district court to transfer a civil action to any other district or division where "it might have been brought" or to any district or division to which all parties have consented. 28 U.S.C. § 1404(a). The district court, in its discretion, may also transfer an action to any division within the same district. *Id.* § 1404(b)–(c). Section 1404 generally does not create rigid criteria to evaluate a transfer. *Rsch. Automation, Inc. v.*

*Schrader-Bridgeport Intern., Inc.*, 626 F.3d 973, 978 (7th Cir. 2010) (citing *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)). Transfer motions must be analyzed on a case-by-case basis, considering convenience and fairness. *Id.* at 977 (citing *Stewart Org., Inc.*, 487 U.S. at 29). The fairness inquiry permits a transfer in "the interest of justice" when it will ensure a speedy trial or allow a judge to preside who is more familiar with the applicable law. *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1293 (7th Cir. 1989). Under Section 1404, however, courts may not "presume that a trial will proceed other than fairly in any federal forum in which venue exists." *Chicago, R.I. & P.R. Co. v. Igoe*, 212 F.2d 378, 382 (7th Cir. 1954). The party filing the motion has the burden to show that particular circumstances establish that a transfer is in the interest of justice. *See Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219–20 (7th Cir. 1986).

## III. Discussion

Plaintiff has filed a motion to proceed *in forma pauperis*, [DE 17], and thus no defendants have appeared to consent to a transfer. As to the required showing under Section 1404, Plaintiff has not met her burden of showing that the circumstances referenced will make a different forum more convenient or more just. Plaintiff's motion does not mention forum convenience or judicial expedience. Plaintiff only mentions conflicts she has with prosecutors, police officers, and leaders in St. Joseph County. None of these issues have any bearing on the suitability of this Court, or the South Bend division, as a proper forum. *Chicago, R.I. & P.R. Co.*, 212 F.2d at 382. Thus, this action will remain in the United States District Court for the Northern District of Indiana, South Bend Division.

## IV. Conclusion

For the reasons discussed, Plaintiff's Motion to Change Venue is **DENIED.** [DE 18].

**SO ORDERED** this 23rd day of October 2026.

s/Scott J. Frankel
Scott J. Frankel
United States Magistrate Judge